## COMPTROLLER OF THE TREASURY *v.* RHEEM MANUFACTURING COMPANY

[No. 127, September Term, 1957.]

260 

*Decided March 31, 1958.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Charles B. Reeves, Jr., Assistant Attorney General,* and *Edward F. Engelbert, Staff Attorney, Retail Sales Tax Division,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for the appellant.

*William L. Marbury,* with whom were *Charles C. G. Evans, Frederic S. Cross, John Martin Jones, Jr.,* and *Piper & Marbury* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

This is a companion case to *Comptroller of the Treasury v. The Glenn L. Martin Company,* 216 Md. 235, 140 A. 2d 288. The two cases were submitted together in the Circuit Court for Baltimore County under an agreement between counsel for both parties that the decision in the *Martin* case would be binding in this case. The Circuit Court, in accordance with that stipulation and basing its order upon its opinion in the *Martin* case reversed the action of the Comptroller, which had denied a refund of sales and use taxes to the appellee, Rheem Manufacturing Company ("Rheem"); and the court ordered that Rheem "have judgment for $4,306.60, the amount of its claim for refund." The Comptroller appeals.

There are no essential differences between this case and the *Martin* case. Rheem has a plant at Sparrows Point, Maryland, at which it is engaged generally in the manufacture of steel containers, drums, pails, water heaters, tanks and boilers. The Army wanted Rheem to produce a particular type of shell case for use in the Korean War. Since Rheem did not have the facilities for the production of such shell cases, it entered into a facilities contract with the United States Government, acting through the Department of Defense, which was of the same general type as the facilities contracts involved in the *Martin* case. Purchases of facilities thereunder, in respect of which the Comptroller held sales and use taxes were payable (the two being segregated in this case), extended from November, 1952, through April, 1955. Rheem, unlike Martin, did not furnish resale certificates to its vendors, as called for by Rule 40 of the Rules and Regulations of the Comptroller.

No point was made of this difference in the trial court, and the stipulation above referred to would seem to have eliminated it from consideration. It does not appear to have been passed upon by the trial court and it is not referred to in Judge Raine's opinion. Consequently, it stands no better than did the same point in *Comptroller v. Aerial Products, Inc.,* 210 Md. 627, 124 A. 2d 805, and it is not properly before us.

There is no basis for distinguishing between the *Martin* case and this case as the two appeals have been presented to us, and the decision in the *Martin* case, which we shall not restate or summarize here, is controlling.

*Order affirmed, with costs.*